UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LANDSTAR HOMES DALLAS, LTD. | § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| MID-CONTINENT CASUALTY COMPANY, | § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Landstar Homes Dallas, Inc. ("Landstar") files this original complaint against Mid-Continent Casualty Company ("Mid-Continent").

### PARTIES

1. Plaintiff Landstar is a Texas limited partnership with its principal place of business located in Garland, Texas.

2. Upon information and belief, Defendant Mid-Continent is an Ohio corporation. Mid-Continent's principal place of business is located at 1437 South Boulder Avenue, Tulsa, Oklahoma, 74119. Mid-Continent can be served through its registered Attorney for Service, Margaret Ann Bounds, 3100 South Gessner Road, Suite 600, Houston, TX 77063-3767.

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, *i.e.* there is complete diversity of citizenship between the parties.

PLAINTIFF'S ORIGINAL COMPLAINT
DALLAS 2104247v.1

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a)(2) and (c). A substantial part of the events giving rise to the claims occurred in this judicial district, and a significant number of witnesses and other factual evidence may be found in this judicial district.

## PRELIMINARY STATEMENT

5. Landstar and Mid-Continent were parties to commercial general liability insurance policies. Under these policies, Mid-Continent owed Landstar an obligation to both defend and indemnify it in the event Landstar was sued for any occurrence resulting in alleged property damage. During the coverage period of these policies, Landstar was served with a lawsuit alleging facts and damages covered by the policies and tendered the lawsuit to Mid-Continent. Mid-Continent initially refused to uphold its obligation to defend Landstar. Mid-Continent eventually agreed to defend Landstar, but only after Landstar's counsel made numerous demands and served multiple letters outlining the controlling law. Mid-Continent further refused to fully reimburse Landstar for its defense costs incurred as a result of Mid-Continent's wrongful denial, and its costs in pursuing the defense obligation owed by Mid-Continent after the wrongful denial. Mid-Continent's panel counsel tried the case to an arbitrator. The arbitrator issued an award and ordered Landstar to pay damages and fees in excess of $114,000. Landstar tendered the arbitration award to Mid-Continent and demanded payment thereof under the policies. Mid-Continent refused to indemnify Landstar, in whole or in part, for any portion of the damages awarded against Landstar.

6. As a result of Mid-Continent's wrongful denial of its defense and indemnity obligations, Landstar brings claims against Mid-Continent for breach of contract and Mid-Continent's multiple violations of the Texas Insurance Code. Landstar is entitled to compensatory damages, including, but not limited to, the unreimbursed costs of defense incurred

in the Underlying Lawsuit and reimbursement for Landstar's payment of the arbitration award. Landstar is also entitled to other policy proceeds and/or damages occasioned by the causes of action set forth below, plus multiple damages, attorney's fees and costs, pre- and post-judgment interest, and court costs.

### FACTUAL BACKGROUND

7. Landstar is a homebuilder.

8. Mid-Continent is an insurance company that issued numerous commercial general liability policies to Landstar Homes, Inc. and its related entities. Landstar is an additional insured under the policies issued by Mid-Continent Casualty Company or other Mid-Continent-related companies (collectively, "Mid-Continent"), including Policy #02-GL-59614 (5/3/01 to 5/3/02), Policy # 02-GL-88884 (5/3/02 to 5/3/03), Policy #02-GL-000125114 (5/3/03 to 5/3/04), Policy # GL-113034 (5/3/03 to 5/3/04), Policy #04-GL-000547907 (5/3/04 to 5/3/05), Policy #04-GL-000587196 (5/3/05 to 5/3/06), and Policy #04-GL-000641989 (5/3/06 to 5/3/07) (collectively, "The Policies"). The Policies provided that Mid-Continent would defend and indemnify Landstar for any "occurrence" resulting in alleged "property damage."

9. During the coverage period of The Policies, Landstar was sued for an occurrence resulting in alleged property damages, in the case styled *Donna Cameron v. Landstar Homes Dallas, Ltd., et al*; Cause No. 2008-60214-393, filed in the 393rd Judicial District of Denton County, Texas (the "Underlying Lawsuit").

10. The original petition filed by the plaintiff in the Underlying Lawsuit brought negligence and breach of contract claims against Landstar concerning the defective design and construction of the foundation of the plaintiff's home. The petition clearly and unambiguously

alleged facts indicating that the alleged damages to the home were "property damage" caused by an "occurrence," which placed the Underlying Lawsuit directly within the scope of the "duty to defend" coverage provisions of The Policies.

11. On or about August 15, 2008, Landstar tendered defense of the Underlying Lawsuit to Mid-Continent and requested defense and indemnity. On or about August 27, 2008, Mid-Continent denied Landstar's request.

12. On or about October 31, 2008, the plaintiff in the Underlying Lawsuit filed her first amended petition.

13. After Landstar expended great resources to have its personal counsel defend the Underlying Lawsuit and correspond numerous times with Mid-Continent regarding defense coverage, Mid-Continent finally agreed to defend Landstar (with a full reservation of rights) beginning from the date of Landstar's tender of the plaintiff's first amended petition to Mid-Continent.

14. Despite the unambiguous language in The Policies requiring Mid-Continent to provide Landstar with a defense in the Underlying Lawsuit, Mid-Continent initially refused to provide Landstar with a defense and subsequently refused to reimburse Landstar for the costs it incurred in having its personal counsel secure defense coverage and participate in the defense of the Underlying Lawsuit. To date, Landstar has not been reimbursed for the attorney's fees and costs it incurred in its own defense.

15. On or about February 27, 2009, the district court entered an Agreed Order Compelling Arbitration of all parties to the Underlying Suit. Arbitration proceedings took place September 17 and 18, 2009. On November 24, 2009, the arbitrator in the Underlying Lawsuit issued an award against Landstar and ordered it to pay in excess of $114,000.00 in damages.

16. Landstar's total obligation under the arbitrator's award was $114,180.33. Despite multiple demands, Mid-Continent refused to pay any portion of the arbitrator's award. Landstar eventually paid the award to avoid the accrual of interest owing to the plaintiff, Ms. Cameron.

17. Despite the unambiguous language in The Policies requiring Mid-Continent to indemnify Landstar, Mid-Continent did not indemnify Landstar for any of the amounts Landstar was forced to pay in the Underlying Lawsuit.

18. Landstar has sustained substantial damage because of Mid-Continent's conduct and its failure to properly and promptly defend against the Underlying Lawsuit and indemnify Landstar for the resulting arbitration award.

19. Mid-Continent's conduct and misrepresentations concerning the duty to defend and indemnify Landstar under The Policies constitutes not only a breach of the policy contracts, but also multiple violations of the Texas Insurance Code as discussed in greater detail below.

20. The Texas Insurance Code and the rules and regulations promulgated pursuant to the code required Mid-Continent to attempt in good faith to effectuate a prompt, fair, and equitable settlement with Landstar as soon as Mid-Continent's liability became reasonably clear. The Underlying Lawsuit was a straightforward property damage claim caused by an occurrence that fell directly within the clear and unambiguous coverage of The Policies. Mid-Continent's continued refusal to promptly and equitably pay the defense and indemnity claims is an unfair claims settlement practice specifically prohibited by Texas law.

## CAUSES OF ACTION

### Count I: Breach of Contract

21. Landstar repeats and realleges the above allegations, as if fully set forth herein.

22. Under the terms of The Policies, Mid-Continent was obligated to defend Landstar in the event that a lawsuit was filed against Landstar alleging an occurrence that resulted in property damage during the policy period. The original petition in the Underlying lawsuit alleged such an occurrence during the policy period. Under the "eight corners" standard of policy interpretation, Mid-Continent was obligated to provide a defense which, initially, it wrongfully refused to do. Landstar was forced to retain its own counsel, at its own expense, to provide a defense in the Underlying Lawsuit. In addition, due to Mid-Continent's wrongful and repeated denial of defense, Landstar was forced to retain its own counsel, at its own expense, to ultimately secure the defense that Mid-Continent was contractually obligated to provide. Mid-Continent's failure to properly provide a defense in the Underlying Suit constitutes a breach of contract for which Landstar now sues.

23. Additionally, Mid-Continent is obligated under The Policies to indemnify Landstar for the arbitrator's award in the Underlying Lawsuit because the award was based on an occurrence that resulted in property damage within the policy period. Mid-Continent's repudiation of its indemnity obligations is a further breach of contract.

### Count II: Texas Insurance Code Violations

24. Landstar repeats and realleges the above allegations, as if fully set forth herein

25. Mid-Continent's conduct in investigating, processing, delaying, and/or refusing defense and indemnity of the Underlying Claim constitutes multiple violations of the Texas Insurance Code, and constitutes unfair or deceptive acts or practices in the business of insurance prohibited by Chapter 541, subchapter B of the Texas Insurance Code; and rules and regulations addressed by the Texas Board of Insurance, and defined in section 17.46 of the Texas Business

and Commerce Code. Mid-Continent violated those provisions in the following particulars, among others:

 (A) By failing, under section 541.060(a)(2)(A) of the Texas Insurance Code, to attempt in good faith to provide a prompt, fair, and equitable settlement of Landstar's defense and indemnity claims once liability became reasonably clear;

 (B) By failing, under section 541.060(a)(3), to promptly provide Landstar a reasonable explanation of the basis for Mid-Continent's denial of or refusal for defense and indemnity of the Underlying Claim;

 (C) By refusing, under section 541.060(a)(7), to pay for Landstar's defense and indemnity claims without conducting a reasonable investigation;

 (D) By making misrepresentations to Landstar, under section 541.060(a)(1) of the Texas Insurance Code, regarding material facts and Policy provisions relating to the coverage at issue; and

 (E) Any and all other acts or conduct which may be uncovered during the discovery phase and/or trial of this lawsuit.

Mid-Continent also:

 (A) Committed prohibited practices under section 541.061 of the Texas Insurance Code, including Mid-Continent's material misrepresentations of law and untrue statements of material fact as to coverage under The Policies;

 (B) Committed deceptive acts or practices under section 17.46 of the Texas Business and Commerce Code ("DTPA") which Landstar relied on to its detriment and constitute violations of the Texas Insurance Code by virtue of section 541.151(2), as follows:

**PLAINTIFF'S ORIGINAL COMPLAINT**
DALLAS 2104247v.1

(i) Representing that The Policies had characteristics, uses, or benefits which they did not have [actionable under DTPA § 17.46(b)(5)];

(ii) Representing that The Policies conferred or involved rights, remedies, or obligations that they did not have or involve [actionable under DTPA §17.46(b)(12)];

(iv) Failing to disclose information in order to induce Landstar into transactions which it would not have entered had the information been disclosed [actionable under DTPA §17.46(b)(23)];

(v) Committing an unconscionable course of action as defined by DTPA §17.45(5); and

(vi) Breaching express and implied warranties [actionable under DTPA §17.50].

26. Mid-Continent also violated section 17.50(a)(4) of the DTPA by engaging in conduct which violates chapter 541 of the Texas Insurance Code.

### Count III: Prompt Payment Violation

27. Landstar repeats and realleges the above allegations, as if fully set forth herein

28. Landstar promptly and timely notified Mid-Continent of the Underlying Claim and the plaintiff's arbitration award in the Underlying Claim.

29. Landstar promptly and timely provided documentation requested by Mid-Continent related to the Underlying Claim, the subsequent defense costs of Landstar's personal counsel, and the plaintiff's arbitration award.

30. Mid-Continent failed to timely provide a defense and/or pay for the arbitration award, to timely reject the duty to defend and/or payment of the Underlying Claim, or to timely notify

Landstar of any reasons Mid-Continent needed additional time to consider its duty to defend and/or pay the amount of the arbitration award.

31.     Accordingly, Mid-Continent is liable to pay Landstar the amount of attorney's fees Landstar incurred in its own defense after Mid-Continent wrongfully rejected its defense obligation with interest, plus eighteen (18) percent per annum of the amount of the attorney's fees incurred, together with reasonable attorney's fees and costs, pursuant to chapter 542 of the Texas Insurance Code.

32.     In addition, Mid-Continent is liable to pay Landstar the full amount of the arbitrator's award paid to the plaintiff by Landstar with interest, plus eighteen (18) percent per annum of the amount of the plaintiff's award, together with reasonable attorney's fees and costs, pursuant to chapter 542 of the Texas Insurance Code.

## DAMAGES

### General Damages

33.     After Mid-Continent wrongfully refused to provide Landstar with a defense, Landstar paid in excess of $50,000 to its personal counsel for defense against the Underlying Claim and pursuit of coverage under the Policies. Landstar is entitled to full recovery of the post-notice defense costs incurred prior to substitution of counsel and all other damages arising from Mid-Continent's failure to defend, including, but not limited to, attorney's fees, expert's fees, arbitration fees, and pre- and post-judgment interest.

34.     Mid-Continent also refused to indemnify Landstar for the amounts paid by Landstar to the plaintiff as a result of the arbitration award for the Underlying Claim. Landstar is entitled to full recovery of the amount paid, as well as all other policy proceeds and damages occasioned by the causes of action set forth above.

**PLAINTIFF'S ORIGINAL COMPLAINT**
DALLAS 2104247v.1

## Multiple Damages

35. Mid-Continent's unlawful acts and practices under the Texas Insurance Code were committed knowingly and demonstrate actual conscious awareness of and indifference for the rights and welfare of Landstar, entitling Landstar to multiple damages.

## Attorney's Fees

36. Landstar was forced to retain the undersigned attorneys to pursue these causes of action. Therefore, under Texas Business and Commerce Code section17.50(d), chapters 541 and 542 of the Texas Insurance Code, and Texas Civil Practices and Remedies Code section 38.001, all of Landstar's reasonable and necessary attorney's fees may be recovered.

## CONDITIONS PRECEDENT

37. All conditions precedent necessary have occurred or have been performed.

## JURY DEMAND

38. Landstar demands the trial of this case by jury.

## PRAYER

WHEREFORE, Landstar requests that:

(a) Mid-Continent be cited to appear and answer these claims;

(b) Judgment be entered in favor of Landstar for:

    (1) the costs incurred by Landstar to defend the underlying claim and secure a defense under The Policies;

    (2) the amount of the arbitration award paid by Landstar;

    (3) all other damages recoverable under The Policies;

(4) multiple damages as a result of Mid-Continent's knowing violations of the Texas Insurance Code and the DTPA;

(5) penalty interest under chapter 542 in the amount of eighteen percent (18%) per annum of Landstar's claim as damages;

(6) pre- and post-judgment interest at the statutory rates;

(7) reasonable attorney's fees and expenses;

(8) all costs in prosecuting this litigation; and

(9) any additional relief, legal and equitable, general or special, to which Landstar may be justly or equitably entitled.

Dated: January 5, 2010

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

By: _____
Steven M. Smith
Texas State Bar No.: 24013537
3000 Thanksgiving Tower, 1601 Elm Street
Dallas, Texas 75201-4761
214.999.3000 (Phone)
214.999.4667 (Fax)
ssmith@gardere.com

**ATTORNEY FOR PLAINTIFF
LANDSTAR HOMES DALLAS, LTD.**