IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LANDSTAR HOMES DALLAS, LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 3:10-CV-0014-K |
| MID-CONTINENT CASUALTY COMPANY and GREAT AMERICAN INSURANCE COMPANY, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Mid-Continent Casualty Company and Great American Insurance Company's (collectively "Mid-Continent") Motion to Vacate or Set Aside Order Granting Plaintiff's Motion for Partial Summary Judgment and Denying Defendant's Motion for Summary Judgment, and to Withdraw Its Memorandum Opinion (Doc. No. 54). The Court has considered the motion, the response, the reply, the evidence submitted by the parties, and the applicable law. Because this Court finds that (1) the case was not moot when this Court issued its memorandum opinion and order on December 13, 2010 because the settlement agreement between the parties was only tentative and (2) justice does not require vacatur of that opinion, the motion is **DENIED**.

-1-

I.    Background

The following are the facts pertinent to Mid-Continent's motion to vacate judgment and withdraw this Court's memorandum opinion and order issued December 13, 2010 ("the Order"). For a more complete description of the circumstances of this case, please see *Landstar Homes Dallas, Ltd. v. Mid-Continent Cas. Co.*, No. 3:10-CV-0014-K, 2010 WL 5071688 (N.D. Tex. Dec. 13, 2010).

This case involves a general commercial liability insurance policy between Plaintiff Landstar Custom Homes, Ltd. ("Landstar") and Mid-Continent. The insurance policy included a duty to defend and indemnify Landstar, a custom home builder, against certain claims. Landstar was sued by a client, for whom it had built a house. The client alleged claims involving problems with a shifting foundation. After a series of disagreements over policy coverage, Mid-Continent agreed to represent Landstar in the lawsuit. However, Mid-Continent refused to indemnify Landstar against an award from an arbitrator that ended the lawsuit. Landstar filed this lawsuit against Mid-Continent, asserting claims for breach of contract and violations of the Texas Insurance Code on January 5, 2010. Both parties filed competing motions for summary judgment on September 30, 2010.

This Court issued the Order on December 13, 2010, granting Landstar's motion for partial summary judgment and denying Mid-Continent's motion for summary judgment. Prior to the issuance of the Order, the parties had apparently reached an

agreement to settle Landstar's claims. This agreement was memorialized in a series of e-mails exchanged between counsel for both parties. The parties informed the Court of settlement on December 29, 2010 and signed the settlement agreement on January 10, 2011. To date, no stipulation of dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), has been filed with the Court. Mid-Continent filed this motion to vacate and withdraw the Order on December 22, 2010.

## II. Legal Standard

Mid-Continent advances two arguments: (1) one of constitutional mootness based on the Case or Controversy clause of Article III, Section 2 of the U.S. Constitution and (2) an equitable argument for vacating the Order under Federal Rule of Civil Procedure 54(b).

### A. Mootness

Though it is normally the party invoking jurisdiction that bears the burden of establishing the subject matter jurisdiction of a federal court, the party asserting mootness has the burden of establishing the court is now deprived of jurisdiction previously established. *Scott v. Fed. Bond & Collection Serv., Inc.*, No. 10-CV-2825-LHK, 2011 WL 176846 (N.D. Cal. Jan. 19, 2011)(applied in the context of settlement negotiations); *cf. Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993)(once subject matter jurisdiction is established, the court is allowed to presume it continues; the party asserting an appeal is moot bears the burden of proof).

### B. Vacating under Rule 54(b)

Both parties agree that the relief Mid-Continent requests is only available under Rule 54(b) because the Order did not dispose of all parties and all claims; it is interlocutory in nature. *See* FED. R. CIV. P. 54(b); *M3Girl Designs LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, 2010 WL 304243 at *1 (N.D. Tex. Jan. 22, 2010) (Fish, J.). The standard applicable to Rule 54(b) motions is "as justice requires," which leaves a "great deal of room for the court's discretion. . .to determin[e] whether reconsideration is necessary under the relevant circumstances." *M3Girl Designs*, 2010 WL 304243 at *1 (citing *Judicial Watch v. Dep't of the Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006)).

## III. Analysis

### A. Mootness

Mid-Continent asserts that the e-mails between counsel on December 8, 2010 created an enforceable settlement agreement and mooted the controversy between the parties. *See* Mid-Continent App., Exh. A. The text of the e-mail Landstar's counsel sent to Mid-Continent's counsel is set out below:

> "I am writing to confirm that we have agreed, <u>*in principle*</u>, to settle the Cameron and Johnson claims for a total of $150,000. Of that amount, $100,000 will be for settlement of the Cameron claim and $50,000 for the Johnson claim. You will prepare the formal settlement documents for my review and approval. In exchange for these payments, Landstar will release the Cameron and Johnson claims and will agree to a reformation of the 2003–2004 CGL policy. Please confirm these arrangements."

*Id*. (emphasis added). Landstar argues that a final settlement had not been reached,

evidenced by the inclusion of the term "in principle" and reinforced by the fact that the parties did not inform the Court that a settlement had been reached until December 29, 2010, nothing was signed for over a month after the e-mails were sent, and no stipulation of dismissal has been filed with the Court.

In support, Landstar cites *British Int'l Ins. Co., Ltd. v. Seguros La Republica, S.A.*, 354 F.3d 120, 122–23 (2d Cir. 2003). In *Seguros*, the parties reached a settlement while the case was on appeal but before the Second Circuit had issued an opinion. *Id*. at 122. The parties reached a settlement "in principle" and contacted the Second Circuit clerk's office twice for instructions on withdrawing the appeal. *Id*. However, the parties failed to file a stipulation of dismissal to withdraw the appeal before an opinion was issued, as required by Federal Rule of Appellate Procedure 42(b). *Id*. The plaintiff's motion to vacate the appellate opinion as moot was denied. *Id*. Mid-Continent asserts *Seguros* is distinguishable because the settlement was not memorialized and the stipulated dismissal would have been without prejudice. Reply at 4. The factor the Second Circuit found to be decisive, though, was that no stipulation of dismissal was filed before the opinion and mandate were issued, and implied that doing so would have mooted the controversy between the parties. *Seguros*, 354 F.3d at 123.

As the Second Circuit concluded in *Seguros*, this Court finds that settlement between the parties was "tentative," as evidenced by their conduct during settlement negotiations and immediately thereafter. *Id*. at 122–23. The e-mail from Landstar's

counsel states that the agreement was "in principle," a term expressly found to be tentative by the Second Circuit in *Seguros*. *Compare Seguros*, 354 F.3d at 122 *with* Mid-Continent's App., Exh. A. Counsel for both parties decided not to contact the court to advise that a settlement had been reached until an agreement on the form of the settlement documents was reached. Landstar App. at 1. In addition, no stipulation of dismissal has been filed in this case to date. *See Seguros*, 354 F.3d at 123; *see also SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010) (a stipulation of dismissal is effective when filed). As a result, this Court finds that the case was not moot when the Order was issued on December 13, 2010.

B. **Balancing of Equities**

Mid-Continent argues that a "balancing of the equities" supports vacation of the Order. The arguments Mid-Continent advances in support are that (1) the case was moot when the Order was issued and (2) the Order speaks to a matter of continuing importance to Mid-Continent because it is facing other similar lawsuits.

Initially, Mid-Continent draws its "balancing the equities" language from a Ninth Circuit opinion. *See Amer. Games, Inc. v. Trade Prod., Inc.*, 142 F.3d 1164, 1167 (9th Cir. 1998). Mid-Continent has not pointed this Court to the Rule 54(b) analysis followed in this circuit, and a search has only revealed the approach used in *M3Girl Designs* described above. *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (no clear standard for 54(b) motions); *M3Girl Designs,* 2010 WL

304243 at *1 ("as justice requires," considering all relevant circumstances). This Court will therefore use the "as justice requires" standard employed by Judge Fish.

Mid-Continent's first argument that the case was moot is without merit, as discussed above. Mid-Continent's second argument is based on trepidation that future plaintiffs may point to this Court's Order when bringing similar suits. Mot. at 8. Such is the danger of litigation. As aptly described by Judge Finesilver, vacatur allows disappointed litigators to effectively "rewrite history" and "to control the direction and content of the jurisprudence. . .weed[ing] out the negative precedent and preserv[ing] the positive." *Benavides v. Jackson Nat. Life Ins. Co.*, 820 F. Supp. 1284, 1289 (D. Colo. 1993) (citing Roger Parloff, *Rigging the Common Law*, THE AMERICAN LAWYER (March 1992)). This Court agrees with Landstar that "judicial precedents are presumptively correct and valuable to the legal community as a whole. . .not merely the property of private litigants." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (contemplating vacatur of a lower court judgment when settlement is reached on appeal).

Though Judge Finesilver was speaking about vacating a final judgment, the rationale is equally applicable to interlocutory orders in cases that were later settled: absent extraordinary circumstances, opinions are valuable not only to the litigants but to the legal community as a whole. *Id*. Mid-Continent has identified no extenuating circumstances that would favor vacating the order, such as insufficient briefing following settlement. Over 200 pages in motions and a combined 1,200 pages of evidence did not

result from a lack of effort. Justice does not require that this Court's Order be vacated. *M3Girl Designs*, 2010 WL 304243 at *1.

IV.     **Conclusion**

The case was not moot when this Court issued the Order on December 13, 2010 because the settlement reached by the parties was only tentative in nature and no stipulation of dismissal had been filed with the Court. In addition, Mid-Continent has failed to demonstrate that justice requires vacation of this Court's opinion granting partial summary judgment to Landstar and denying Mid-Continent's motion for summary judgment. Therefore, the motion is **DENIED**.

**SO ORDERED.**

Signed February 8th, 2011.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE